

**ORDERED in the Southern District of Florida on April 01, 2010.**

John K. Olson, Judge
United States Bankruptcy Court

---

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| In Re: | Chapter 11 Proceeding |
| W.B. CARE CENTER, LLC. | Case No. 09-26196-BKC-JKO |
| _____Debtor._____ / | |
| W.B. CARE CENTER, LLC, a Florida limited liability company, Plaintiff, | |
| vs. | Adv. Pro. No. : 10−02590−JKO |
| TIMOTHY REARDON, QIS MANAGEMENT, LLC, and T.R., LLC | |
| _____Defendants._____ / | |

## FINAL DEFAULT JUDGMENT AWARDING EQUITABLE RELIEF AGAINST DEFENDANTS TIMOTHY REARDON, QIS MANAGEMENT, LLC AND T.R., LLC

**THIS MATTER** came before the Court on Wednesday, February 10, 2010 at 9:30 am for hearing on a preliminary injunction (the "Preliminary Injunction Hearing") and again on Wednesday, March 31, 2010 (the "Final Injunction Hearing") upon the verified motion by **W.B. CARE CENTER LLC d/b/a WEST BROWARD CARE CENTER,** (the "Debtor" or "Plaintiff"), for the entry of a default final injunction against the Defendants, **Timothy Reardon, QIS Management LLC** ("QIS"), and **T.R., LLC** ("T.R.") (when referred to collectively, "Reardon" or the "Defendants") enjoining the Defendants from conduct or actions that would constitute tortious interference with the administration of the Debtor's estate in general, and specifically, with the sale process currently on-going pursuant to 11 U.S.C. § 363 (the "Injunction")[D.E. 19]. On February 5, 2010 the Debtor filed its Emergency Motion For Preliminary Injunction [D.E. 4](the "Injunction") in connection with the *Adversary Complaint to (I) Avoid Unauthorized Postpetition Transfers Pursuant to 11 U.S.C. Section 549, (II) To Recover Property Transferred Pursuant to 11 U.S.C. Section 550, and (III) For Injunctive Relief Pursuant To F.R.B.P. 7065* [D.E. 1](the "Complaint").

At the Preliminary Injunction Hearing the Court was advised by counsel for the Plaintiff and the U.S. Trustee that Mr. Reardon had advised them of his unavailability to appear at the Preliminary Injunction Hearing. Because of the serious nature of the allegations in the Complaint, and due to the importance of protecting the integrity of the sales process, the Court elected to hear the arguments of counsel, notwithstanding the Defendants' stated unavailability.

2

The Court heard the arguments of counsel and took into evidence Exhibits 1 through 4, [D.E. #24], and ordered the entry of a preliminary injunction against the Defendants.[1]

A review of the docket from the time of the Preliminary Injunction Hearing to the date of the Final Injunction Hearing reflects that the Defendants were properly served with the complaint and the summons, that no appearance was made in this adversary proceeding by any of the Defendants, nor a responsive pleading filed, and the Clerk appropriately entered the Entry of Default on March 23, 2010. [D.E. # 13, 14, and 15].

At the Final Injunction Hearing the Court also took into evidence a number of emails from Defendant Tim Reardon to, among others, Ariel Rodriguez of the Office of the United States Trustee, Patricia Redmond and Kristopher Pearson, counsel for Institutional Leasing 1, LLC, Robert Charbonneau, counsel for the Debtor, John Heller, the Debtor's financial advisor and Court appointed corporate representative, and Abraham Shaulson. The Court is disturbed by not only the tone, but the content of these emails. The Court finds that not only is the relief sought in the Complaint appropriate, but that the Court must go beyond the relief sought in the Complaint to not only protect the integrity of this process, but the personal safety of the various parties to this case and counsel. The Court finds that the relief sought in the Complaint is reasonable and necessary to avoid irreparable harm under the circumstances, and finding good cause to enter a final judgment on Count III of the Complaint, the Court **FINDS** and **ORDERS** as follows:

---

[1] A written preliminary injunction was never submitted by the Plaintiff following the Preliminary Injunction Hearing. However, the findings made herein were made based on the record evidence submitted at the Preliminary Injunction Hearing, as well as at the Final Injunction Hearing.

3

## FINDINGS OF FACT

1.  This Court has jurisdiction over this Motion under 28 U.S.C. §§157 and 1334. Venue is proper under 28 U.S.C. §§ 1408 and 1409.

2.  This is a core proceeding as defined in 28 U.S.C. §§157(b)(2)(A), and (M).

3.  The statutory predicates in support of the relief requested herein are 11 U.S.C. §§ 105, and 363 of the United States Code (the "Bankruptcy Code"), Rule 7065 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 9075.

4.  The Court enjoins the Defendants from certain conduct, as more specifically set forth below, in order to prevent the negative consequences that would result if Mr. Reardon continues to tortiously interfere with the administration of the Estate in general, and specifically, the sale and closing process pursuant to Section 363 of the Bankruptcy Code. 11 U.S.C. § 105(a); *Northeast Hotel Assocs., R/C v. Prime Motor Inns, Inc. (In re Prime Motor Inns, Inc.)*, 131 B.R. 233, 236 (Bankr. S.D. Fla. 1991) (*citing In re Davis*, 730 F.2d 176, 183 (5th Cir. 1984) (bankruptcy courts have broad powers analogous to those of a court of equity)).

5.  At the Preliminary Injunction Hearing and the Final Injunction Hearing, the Debtor established:

    a.  a substantial likelihood that it will prevail on the merits of the Complaint; the first factor for a preliminary injunction— likelihood of success on the merits—is therefore met because the Plaintiff has shown that the Unauthorized Transfer and QIS Payments have been made and that Reardon is therefore liable to the Estate under 11 U.S.C. § 549. *See Shatel Corp. v. Mao Ta Lumber & Yacht Corp.* at 1354. Also, neither Reardon nor any of the other Defendants has filed a responsive pleading to the Complaint;

b. that it will suffer irreparable harm unless the injunction is granted; Plaintiff will suffer irreparable harm if Reardon is not enjoined from further tortious interference with the sale and closing process pursuant to 11 U.S.C. § 363. If Reardon is permitted to continue interfering with the sale and closing process, he may negatively impact the ability of the Debtor to close on the sale transaction. The threat of harm is not remote or speculative. *See Prime Motor Inns*, 131 B.R. at 236-7 *(citing Salant Acquisition Corp. v. Manhattan Indus.,* 682 F.Supp. 199 (S.D.N.Y.1988));

c. that the threatened injury to the Debtor, its Estate, and the creditors thereof outweighs whatever damage the proposed injunction may cause the opposing party; Reardon would not suffer any damage as a result of the injunction as Reardon was free to participate in the sale process by bringing the appropriate objections in this Court and by appealing any orders entered by this Court; and

d. the Injunction is not be adverse to the public interest. *Shatel Corp. v. Mao Ta Lumber & Yacht Corp.,* 697 F.2d 1352, 1354 (11th Cir. 1983); *In re Prime Motor Inns*, 131 B.R. at 236.

**IT IS THEREFORE, ORDERED:**

1. The Plaintiff's request for a permanent Injunction is **GRANTED,** and a permanent injunction is entered in favor of the Plaintiff, W.B. Care Center, LLC whose address is 7751 West Broward Boulevard, Plantation, Florida 33324-2003 and against the Defendants, (I) Timothy Reardon, whose last known address is 1200 Holiday Dr. Suite 802, Ft. Lauderdale, Fl 33316, (II) QIS Management, LLC, whose last known address is 1200 Holiday Dr. Suite 802, Ft. Lauderdale, Fl 33316, and (III) T.R., LLC, whose last known address is 1200 Holiday Dr. Suite 802, Ft. Lauderdale, Fl 33316.

2. Reardon—or any other party or entity through whom Reardon may act—is enjoined from tortiously interfering with the administration of the Estate in general, and specifically, the sale and closing process pursuant to Section 363 of the Bankruptcy Code.

3. Reardon—or any other party or entity through whom Reardon may act—is enjoined from contacting the Agency for Health Care Administration or Medicare in connection with the operation, sale or closing of the Debtor's assets to Institutional Leasing, 1, LLC, other than by filing an appropriate pleading with this Court;

4. Reardon—or any other party or entity through whom Reardon may act—is ordered and directed to shut down the domain name abraham.s@millenium-mgt.com, and is directed to contact the domain name provider, GoDaddy.com, in order to expedite and facilitate the shut down of that domain name, immediately upon the entry of this order.

5. As indicated above, the Court is disturbed by the various email correspondence sent by Mr. Reardon to parties and counsel to the various parties in this case. The Court finds that the tone and content of the emails are at best distasteful, and at worst violent and threatening. The Court finds that this kind of discourse has no place in the Federal Courts. Based upon the threatening tone of the emails, the Court enjoins Timothy Reardon from contacting, either by phone or by email, John Heller, Ariel Rodriguez, Patricia Redmond, Kristopher Pearson, Soneet Kapila, Abraham Shaulson or Robert Charbonneau, unless it is to inquire about the status of the case, and any claim(s) that may be pending against him or any of the other Defendants.

6. The Court further enjoins Tim Reardon from coming within 150 feet of John Heller, Ariel Rodriguez, Soneet Kapila, Patricia Redmond, Kristopher Pearson, Abraham Shaulson or Robert Charbonneau, whether individually, or at the place of their respective

businesses. ~~The~~ *other than within the United States Courthouse in Ft. Lauderdale, FL.* The Court enjoins Mr. Reardon from harassing, sending threatening emails, or corresponding with any of the foregoing individuals, unless said communication is for the purpose of inquiring about the status of this case, or any claims that the estate may have against Mr. Reardon or any of the other Defendants.

7. Should Mr. Reardon violate any aspect of the injunctive relief granted by this order, the Court shall set, on an emergency basis, a hearing at which Mr. Reardon shall show cause why he should not be held in contempt. If Mr. Reardon should fail to voluntarily appear at any such hearing, the Court, by separate order, shall direct the United States Marshall to apprehend Mr. Reardon and take him into custody so that he may appear at such a hearing.

**Submitted by:**

Robert P. Charbonneau, Esq.
**EHRENSTEIN CHARBONNEAU CALDERIN**
*Attorneys for the Debtor-in-Possession*
501 Brickell Key Drive, Suite 300
Miami, Florida 33131
T. 305.722.2002   F. 305.722.2001

(Attorney Charbonneau is directed to serve a conformed copy of this Order to all creditors, parties in interest, and others entitled to service)

*Decretal paragraph #6 hand edited in chambers.*

*— WRHjr for JKO*